# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

ELIZABETH A. CARLISLE,               :

      Plaintiff,                     :          Case No. 3:05CV238

  vs.                                :          District Judge Walter Herbert Rice
                                              Magistrate Judge Sharon L. Ovington

JO ANNE B. BARNHART,[1]              :
Commissioner of the Social
Security Administration,             :

      Defendant.                     :

---

## REPORT AND RECOMMENDATIONS[2]

---

## I.    INTRODUCTION

      This Social Security case is presently before the Court upon Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d) (Doc. #15), the Commissioner's Response (Doc. #16), Plaintiff's Reply (Doc. #17), and the record as a whole.

      Earlier in this case, the Court affirmed, in part, the Administrative Law Judge's (ALJ's) decision that before September 6, 2003, Plaintiff was not under a "disability"

---

[1]  Michael J. Astrue, the present Commissioner of the Social Security Administration, is the proper-party defendant in this case.  For docketing continuity, the caption of this case will remain the same.

[2]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

within the meaning of the Social Security Act. (Doc. #13). As to Plaintiff's disability status since September 6, 2003, the Court concluded that substantial evidence did not support the ALJ's decision. The Court consequently vacated, in part, the Commissioner's non-disability finding and remanded Plaintiff's case to the Commissioner under Sentence Four of 42 U.S.C. §405(g) for consideration of her disability status since September 6, 2003. (Doc. #13). Specifically, the Court remanded the case "for all necessary procedures, i.e., *inter alia*, seeking additional information from Plaintiff's treating physicians, securing a medical expert, taking testimony, etc., deemed necessary by the Administrative Law Judge in determining Plaintiff's disability from September 6, 2003, and, if disabled, the extent and anticipated duration of said disability." (Doc. #13 at 7).

## II.    DISCUSSION

### A.    The EAJA

Under certain circumstances, the EAJA requires the Government to pay a successful plaintiff's attorney fees. "The [EAJA] requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified." *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004).[3]

---

[3] The EAJA provides in part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special

The parties' present EAJA dispute in part concerns whether the Government's position in this case was "substantially justified" within the meaning of the EAJA. "[S]ubstantially (*i.e.*, for the most part) justified," under the EAJA, denotes a position that is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see Howard*, 376 F.3d at 554. A reasonable person could find the Government's position substantially justified if it rested on "a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566 n.2; *see Howard*, 376 F.3d at 554. Even if it ultimately lacked merit, if the Government's position rested on a reasonable basis in law and fact, it meets the substantial justification standard. *See Pierce*, 487 U.S. at 566 n.2; *see also Howard*, 376 F.3d at 554.

The EAJA places the burden on the Government to demonstrate that its position was substantially justified. *See Healey v. Leavitt*, 485 F.3d 63, 67 (2nd Cir. 2007); *see also Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007)(courts have "uniformly recognized" that this burden "must be shouldered by the Government.").[4]

## B. Substantial Justification

The Commissioner contends that the Government is not attempting "to assert that

---

circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A).

[4] *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006); *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001); *Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988).

the ALJ did not need to follow the requisite standards for weighing medical evidence, but is simply noting that the ultimate outcome of this case may very well remain the same [after remand].  Although the Court found that the ALJ's evaluation of the medical evidence was flawed for the period following September 6, 2003, this does not automatically mean that the Commissioner's decision to defend the ALJ's decision was not substantially justified."  (Doc. #16 at 4).

The Government's position does not automatically lack substantial justification simply because it did not wholly prevail in its support of the ALJ's decision, or because the ALJ's decision was partly vacated.  *See Pierce*, 487 U.S. at 565-66 and n.2  Instead, the Court examines the Government's litigation position as a whole to determine whether it had a reasonable basis in law and fact.  *Cf. Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990)("While the parties' positions on individual matters may be more or less justified, the EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as an atomized line-items"); *cf. also Townsend v. Social Security Admin*., 486 F3d 127, 130 (6th Cir. 2007)(same); *M.P.C. Plating, Inc. v. N.L.R.B*., 953 F.2d 1018, 1023-25 (6th 1992)(claim unsupported by evidence was not substantially justified; thus, EAJA fees were warranted even though evidence supported a different claim).

Recalling that this Court affirmed the ALJ's decision concerning Plaintiff's non-disability status before September 6, 2003, the Commissioner's position was supported by law and fact to that extent and was thus substantially justified on the issue of Plaintiff's

4

disability status before September 6, 2003.  This conclusion, however, does not automatically mean that the Commissioner's position was substantially justified as a whole due to problems with the ALJ's decision regarding Plaintiff's disability status since September 6, 2003.

The Commissioner contends, "[the remand] only means that the ALJ did not do a good enough job evaluating the evidence and explaining his rationale – not that the rationale was incorrect."  (Doc. #16 at 5).  The Commissioner thus concludes that the partial success in supporting the ALJ's decision also "supports a finding that the Commissioner was substantially justified in the case as a whole, and the Court should, therefore, award no fees at all."  (Doc. #16 at 5).

When viewed as a whole, the Commissioner's position in support of the ALJ's decision was not reasonably based in law and fact.  The ALJ's assessment of Plaintiff's residual functional capacity was not supported by substantial evidence because the ALJ rejected the opinion of Dr. Mukerjee – Plaintiff's very long-term care physician – without relying on a contrary medical source opinion and by overlooking the reasons Dr. Mukerjee provided for his opinions, particularly, but not limited to, the results of two MRIs.  The ALJ rejected treating specialist Dr. Smith's opinions concerning the results of Plaintiff's surgery without relying on a contrary medical source opinion.  Instead, the ALJ substituted his own lay medical opinion in place of Dr. Smith's opinion.  The ALJ further relied on his own lay interpretation of Plaintiff's two MRIs instead of relying on a medical source opinion interpreting these two MRIs.  (Doc. #9 at 16-17).  The ALJ also

overlooked additional medical test results that supported Dr. Smith's opinions.  *Id*. at 17

(detailing the test results the ALJ overlooked or ignored).  In light of the ALJ's selective

consideration of the medical evidence when evaluating the opinions of treating specialist

Dr. Smith and very long-term treating physician Dr. Mukerjee along with the ALJ's

reliance on his own lay medical opinion in place of the opinions of Dr. Smith, the

Commissioner's decision to support the ALJ's denial of benefits lacked substantial

justification.  *See Howard*, 376 F.3d at 554 ("Under the circumstances of this case, where

the administrative law judge was found to have selectively considered the evidence in

denying benefits, we hold that the Commissioner's decision to defend the administrative

law judge is without substantial justification.").

### C.  Amount of Attorney Fees and Expenses

Plaintiff initially requested an award of $3,650.49 based on the rate of $125.00 per

hour, plus cost-of-living increases, for twenty-two and three-quarter (22.75) hours of

work, plus $250.00 in costs.  In her Reply Memorandum, Plaintiff amended the amount of

attorney fees she requests by one hour of time and the corresponding monetary amount in

October 2005.  (Doc. #17 at 5).  Plaintiff's reduction equals a total of $3,489.84 in

attorney fees and costs.[5]

Beginning with the hourly rate Plaintiff's counsel seeks to charge, the EAJA limits

---

[5] Adjusting the $125.00 hourly rate based on the Consumer Price Index results in a rate of $160.65 for the time Plaintiff seeks to subtract (one hour in October 2005).  (Doc. #15 at 10).  The total amount of fees and expenses Plaintiff seeks is thus calculated as follows:  $3,650.49 – $160.65  =  $3,489.84.

an award of attorney fees to the prevailing market rates, which "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee..." 28 U.S.C.A. § 2412(d)(2)(A). A review of Plaintiff's Motion and supporting documentation reveals sufficient documentation and specificity to conclude that the cost of living increases she seeks are warranted for work counsel performed during the pertinent time periods. *See* Doc. #15 at 8-10 and Exhibit B. Consequently, based on the present record, Plaintiff has shown that an increase in the cost of living justifies exceeding the statutory maximum attorney-fee rate or that a special factor exists that is sufficient to justify exceeding the statutory maximum. *See id*.

The Commissioner contends that the amount of time Plaintiff's counsel has indicated is not reasonable because counsel itemized his time in quarter-hour increments. The Commissioner maintains that this method of recording time "does not appear to 'reasonably reflect the number of hours actually worked.'" (Doc. #16 at 6)(quoting in part *Zucker v. Occidental Petroleum*, 968 F. Supp. 1396, 1403 (C.D. Cal. 1997)(other citation omitted). The Commissioner also objects to the inclusion of entries in counsel's itemization of time and provides several non-exclusive examples: (1) certain work was clerical, not attorney work; (2) time spent performing certain work appears excessive; (3) one hour spent preparing a meritless Motion to Strike Defendant's Objections, a non-essential pleading; and (4) "the arguments advanced in Plaintiff's Statement of Errors were neither novel nor complex and should not have taken 22.75 hours to review the

7

denial by the Appeals Council, file a complaint, write a brief and a reply, and review the final Order...."  (Doc. #17 at 9).

The Commissioner properly recognizes that several courts have declined to impose a blanket rule to the effect that quarter-hour increments lead to overbilling.  (Doc. #16 at 6).  Such cases stand for the proposition that Courts should review the specifically challenged quarter-hour billing entries to determine whether they were reasonable.  *See Kyser v. Apfel*, 81 F.Supp.2d 645, 647 (W.D.Va. 2000).  Upon review of the entries challenged by the Commissioner together with all the entries submitted by Plaintiff's counsel, the entries and fees requested are reasonable.  Although it might have taken less than fifteen minutes to complete some individual tasks, it is equally likely that other tasks took longer than fifteen minutes.  *See* Doc. #15 at 8-10.  Thus, the quarter-hour increments challenged by the Commissioner involved a reasonable amount of time spent on the tasks described therein.  The Commissioner's objection to the time Plaintiff's attorney spent drafting briefs, such as the Statement of Errors, fails to reveal an unreasonable or excessive amount.  This is so, particularly given the difficult burden placed on Plaintiff to prove she suffers from a "disability" within the meaning of the Social Security Act.  In addition, the administrative record in this case was lengthy (568 pages).  It was counsel's duty to spend sufficient time reviewing the administrative record to satisfy his duty to zealously represent his client, and to re-consider the arguments raised and the medical evidence submitted during the administrative proceedings to ensure his compliance with Fed. R. Civ. P. 11.

8

Accordingly, the adjusted amount of attorney fees and costs Plaintiff seeks is reasonable, and Plaintiff is consequently entitled to a total award of attorney fees and costs equaling $3,489.84.

## IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's Motion for an Award of Attorney Fees Pursuant to the Equal Justice Act (Doc. #15) be GRANTED;

2.      The Commissioner be ordered to pay Plaintiff's attorney fees and costs in the total amount of $3,489.84; and

3.      The case remain terminated on the docket of this Court.


November 28, 2007

                                   s/ Sharon L. Ovington
                                 Sharon L. Ovington
                              United States Magistrate Judge

9

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).